**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 18 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARIA SANTOS SAENZ OVIEDO, | No. 14-73083 |
| Petitioner, | Agency No. A094-287-280 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 11, 2017**

Before:     CANBY, KOZINSKI, and HAWKINS, Circuit Judges.

Maria Santos Saenz Oviedo, a native and citizen of Honduras, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal

from an immigration judge's decision denying her application for withholding of

removal and cancellation of removal.  Our jurisdiction is governed by 8 U.S.C.

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1252. We review de novo questions of law, *Latter-Singh v. Holder*, 668 F.3d 1156, 1159 (9th Cir. 2012), and we review for substantial evidence the agency's findings of fact, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny in part and dismiss in part the petition for review.

The agency correctly determined that Saenz Oviedo's petty theft convictions under California Penal Code section 484 render her statutorily ineligible for cancellation of removal. *See* 8 U.S.C. § 1229b(b)(1)(C), 8 U.S.C. § 1182(a)(2)(A)(i)(I); *see also Castillo-Cruz v. Holder*, 581 F.3d 1154, 1160 (9th Cir. 2009) (recognizing petty theft under California law as a categorical crime involving moral turpitude). Because Saenz Oviedo has been convicted of more than one crime involving moral turpitude, Saenz Oviedo does not qualify for the petty offense exception. *See* 8 U.S.C. § 1182(a)(2)(A)(ii)(II).

The agency found that Saenz Oviedo failed to establish a clear probability of future persecution based on her generalized fear of violence in Honduras or her fear that her son will be harmed because he is effeminate. Substantial evidence supports these findings. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An [applicant's] desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"); *see also Fakhry v. Mukasey*, 524 F.3d 1057, 1066 (9th Cir. 2008) (evidence did not compel a finding of future persecution). Further, we lack

14-73083

jurisdiction to consider the particular social group argument that Saenz Oviedo presents in her opening brief because she did not raise it to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (petitioner must exhaust issues or claims in administrative proceedings below). Thus, we deny the petition as to Saenz Oviedo's withholding of removal claim.

We deny Sainz Oviedo's request to refer the case to mediation.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**